**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AMBER MCGUIRE,

    Plaintiff,

v.

GREENSTAR LANDSCAPING, CO., and
PETER MASI, in his individual capacity.,

    Defendant.
_____/

CASE NO.:

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

## COMPLAINT

Plaintiff, AMBER MCGUIRE (hereinafter referred to as "Plaintiff" and/or "Ms. MCGUIRE"), by and through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendants GREENSTAR LANDSCAPING, CO. and PETER MASI, in his individual capacity, (hereinafter collectively referred to as "Defendants" and/or individually as "GREENSTAR" and "MASI") and alleges as follows:

## NATURE OF CASE

1. This is an action for damages and other relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, as amended (hereinafter referred to as "Title VII") and Miami-Dade Ordinance 97-17, Art IV, Sec. 11A-26 and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against based on her gender/sex and subjected to sexual harassment.

2. Furthermore, this action is to redress the Defendants' unlawful employment practices against Plaintiff MCGUIRE, including Defendants' unlawful discrimination against

        Plaintiff because of her sex/gender and sexual harassment of Plaintiff, all leading to her unlawful termination.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Miami-Dade County. Additionally, the events took place in Miami-Dade County.

6. Pursuant to Ordinance No. 97-17, Chapter 11A, Article IV, Defendants are subject to the Miami-Dade Commission on Human Right's jurisdiction as an employer located in Miami-Dade with 5 or more employees.

## PROCEDURAL PREREQUISITES

7. Plaintiff has complied with all statutory prerequisites to file this action.

8. On or about April 7, 2020, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") against Defendants as set forth herein.

9. In her charge, Plaintiff McGuire directed her claim to be filed with the EEOC and "any other state or local agency with whom you have a work-sharing agreement," including but not limited to the Miami-Dade Commission of Human Rights (MDCHR) and the FCHR.

10. Accordingly, Plaintiff's charge was properly dual-filed with the EEOC, FCHR, and MDCHR.

11. On December 12, 2020, the EEOC issued Plaintiff a Notice of Right to Sue, and this action is being commenced accordingly.

## PARTIES

12. At all material times, Plaintiff MCGUIRE is an individual female who is a resident of the State of Florida and resides in Miami-Dade County.

13. At all material times, Defendant GREENSTAR is a Florida for-profit corporation duly existing by the virtue and laws of the State of Florida with offices in Miami-Dade County, Florida.

14. Upon information and belief, Defendants employ numerous employees that are improperly classified and/or not classified as employees that, if properly classified, would equate to a total sufficient to satisfy jurisdiction under the federal laws applicable to this action. Accordingly, upon information and belief, Defendant GREENSTAR is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

15. At all material times, Defendant GREENSTAR was co-owned and operated by MASI, serving as the President.

16. At all material times, MASI held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, including but not limited to the power to hire and fire Ms. MCGUIRE.

## FACTS COMMON TO ALL ALLEGATIONS

17. On or about October 4, 2019, Ms. MCGUIRE began working for Defendants as a full-time administrative assistant. The initial terms of her employment provided that she would work for a three-week trial period, at which point she would be placed on the regular payroll.

18. Ms. MCGUIRE's workspace was located within an office inside Defendants 'warehouse. Often, she worked alone in the warehouse during the work day. As part of her employment, Plaintiff was regularly alone with MASI in the warehouse, as he was the only other person typically present.

19. When MASI was not physically present in the office, he would remain in constant communication with Ms. MCGUIRE via a cell phone issued to her by the company for company business.

20. MASI's sexual harassment of Ms. MCGUIRE began from the moment she started working for him. By means of example and not meant to be an exhaustive list, MASI monitored Plaintiff's workday via the company phone issued to her and openly flirted with her. This made Ms. MCGUIRE very uncomfortable, but because he was the owner of the company as well as her supervisor, she felt she could not complain of the unwanted sexual comments.

21. On multiple occasions, MASI made offensive and gender-biased statements regarding female customers. By means of example and not meant to be an exhaustive list, MASI referred to a regular female customer as a "**DIRTY LESBIAN**." These offensive and inappropriate comments made Plaintiff uncomfortable and were unwelcomed.

22. By way of further example and not meant to be an exhaustive list, on at least one occasion, MASI stated to Ms. MCGUIRE, "**IF WOMEN DID NOT DRESS THE WAY THEY DID, THEY WOULD NOT GET RAPED.**"

23. In addition to this conduct, MASI often directed unwanted and unwelcome sexual comments to Ms. MCGUIRE. By means of example and not meant to be an exhaustive list, MASI instructed Plaintiff to "**dance to make the phones ring**," implying that she could help generate business by behaving in a sexualized manner.

24. By way of further example and not meant to be an exhaustive list, MASI directed Ms. MCGUIRE to "**send the mail off with a kiss.**"

25. The misogynistic and discriminatory comments as described above, coupled with Defendant MASI's increasingly aggressive sexual behavior and comments to her made Ms. MCGUIRE anxious and uncomfortable, and she felt humiliated and degraded when MASI would make these remarks.

26. On or about Friday November 8, 2019, Ms. MCGUIRE approached MASI and asked him to place her on the regular payroll as she had more than completed her three-week trial period. Instead of placing her on the regular payroll, MASI replied, "**MAYBE YOU SHOULD DANCE FOR ME THEN.**" Ms. MCGUIRE ignored this remark and repeated her request to be placed on the regular payroll. MASI replied, "**SO YOU ARE**

**NOT GOING TO DANCE FOR ME THEN?"** Other than these harassing statements, MASI did not answer Plaintiff's questions regarding her compensation plan.

27. Later in the day, MASI demanded that Ms. MCGUIRE follow him into the bathroom under the guise of showing her a new fan he had installed. Ms. MCGUIRE refused to comply with MASI's demand for her to accompany him into the bathroom alone. At the time, Ms. MCGUIRE reasonably feared that if she followed MASI, his aggressive sexual behavior would become physical.

28. On or about November 10, 2019, Ms. MCGUIRE received a termination letter from Defendants. Notably, this was only two days after the latest incident of harassment, during which Ms. MCGUIRE made it clear that MASI's sexual comments were unwelcome.

29. Following her termination, when Ms. MCGUIRE reached out to inquire about her last paycheck, MASI told her, **"MAYBE I CAN DO IT IN DOLLAR BILLS,"** referencing a common practice in nude nightclubs in which exotic dancers are given "tips" in small denominations.

30. That as a result of Defendants 'conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

31. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed. Plaintiff now suffers from severe anxiety and depression as a result of Defendants 'harassment and discrimination.

32. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, Plaintiff suffered and continues to suffer severe emotional distress.

33. By way of example and not meant to be an exhaustive list, Ms. MCGUIRE began to suffer, and continues to suffer from, panic attacks, sleeplessness, gastrointestinal issues leading to dramatic and unhealthy weight loss, and excessive loss of hair. These physical ailments are a result of the Defendants 'unreasonably hostile and discriminatory conditions that were sufficiently severe and/or pervasive to interfere with the terms and conditions of Plaintiff's employment.

34. Moreover, at least once Plaintiff had to go to the hospital to receive treatment for said physical ailments caused by the anxiety and emotional distress inflicted upon her by Defendants, by and through its agents.

35. Defendants, by and through its owners and managers, unlawfully terminated Ms. MCGUIRE because of her refusal to engage in a sexual relationship with MASI and because of her sex/gender.

36. The above are just some examples, of some of the discrimination and harassment to which Defendant subjected Plaintiff.

37. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

## COUNT I- <br> SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

40. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 36, and further alleges as follows.

41. Title VII states in relevant parts as follows: "§ 2000e-2. *[Section 703]* (a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

42. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex/gender.

43. Defendants, by and through MASI, regularly made sexual comments to Plaintiff, attempted to lure Plaintiff into the bathroom alone, and interfered with her ability to perform the essential functions of the job.

44. Plaintiff was sexually harassed based on her gender.

45. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

46. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

47. Defendants violated Title VII by unlawfully discharging and discriminating against Ms. MCGUIRE based on her sex/gender, of which the Defendants were fully aware.

48. As a direct and proximate result of Defendants' intentional discriminatory conduct in violation of Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

49. Defendants' actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

50. Conduct of Defendants and/or its agents deprived Plaintiff of her statutory rights guaranteed under Title VII.

51. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

52. Plaintiff has been damaged by the illegal conduct of Defendants.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

   b. Issue an order prohibiting further discrimination; and

   c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

   d. Award Plaintiff all compensatory damages provided; and

   e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT II-
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

53. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 36 above, and further alleges as follows.

54. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

55. Here, Defendants' conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

56. The harassing conduct was directly connected to Ms. MCGUIRE's sex/gender.

57. Defendant's leadership, namely Defendant MASI, made numerous comments related to Ms. MCGUIRE's sex/gender.

58. When Ms. MCGUIRE voiced her objections to this harassing and discriminatory treatment, not only did Defendant fail to address her concerns, but they also continued the pattern of discrimination by making further discriminatory comments.

59. Plaintiff did not welcome Defendants' discriminatory conduct or comments.

60. Defendants abused their supervisory authority over Plaintiff by creating a hostile work environment. A reasonable person subjected to Ms. MCGUIRE's working environment would believe Defendants' conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

61. As a result of Defendants' violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

62. Conduct of Defendants and/or its agents deprived Plaintiff of her statutory rights guaranteed under Title VII.

63. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

64. Plaintiff has been damaged by the illegal conduct of Defendants.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

    d. Award Plaintiff all compensatory damages provided; and

    e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT III- RETALIATION IN VIOLATION OF TITLE VII

65. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 36, and further alleges as follows.

66. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

67. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of Title VII by Defendants' employees had occurred.

68. At all times relevant, the unlawful discrimination by Defendants against Plaintiff in the terms and conditions of her employment occurred because she opposed a practice made unlawful by Title VII which would not have occurred but for that opposition.

69. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

70. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under Title VII.

71. As a result of Defendants' violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

72. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

73. Plaintiff has been damaged by the illegal conduct of Defendants.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendants have unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

    d. Award Plaintiff all compensatory damages provided; and

    e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT IV- SEX/GENDER DISCRIMINATION IN VIOLATION OF MIAMI DADE ORDINANCE 97-17, ART. IV, SEC. 11A-26.

74. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 36, and further alleges as follows.

75. Ordinance 97-17, Article IV, Sec. 11A-26(1) states in relevant parts as follows: "It shall be unlawful for any employer to engage in any practices described below on account of the race, color, religion, ancestry, sex, pregnancy, national origin, age, disability, marital status, familial status, gender identity, gender expression, sexual orientation, or actual or perceived status as a victim of domestic violence, dating violence or stalking of any individual or any person associated with such individual:

    (a) To fail or refuse to hire or to otherwise discriminate against any individual…"

76. Defendants engaged in unlawful employment practices prohibited by Ordinance 97-17, Article IV, Sec. 11A-26(1) by discriminating against Plaintiff because of her sex/gender in the terms and conditions of her employment.

77. Defendants, by and through MASI, regularly made sexual comments to Plaintiff, attempted to lure Plaintiff into the bathroom alone, and interfered with her ability to perform the essential functions of the job.

78. Plaintiff was sexually harassed based on her gender.

79. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

80. Defendant engaged in unlawful employment practices prohibited by Ordinance 97-17, Article IV, Sec. 11A-26(1) by harassing and otherwise discriminating against Plaintiff as set forth herein.

81. Defendants violated Ordinance 97-17 by unlawfully discharging and discriminating against Ms. MCGUIRE based on her sex/gender, of which the Defendants were fully aware.

82. As a direct and proximate result of Defendants' intentional discriminatory conduct in violation of Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

83. Conduct of Defendants and/or its agents deprived Plaintiff of her statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(1).

84. Plaintiff has been damaged by the illegal conduct of Defendants.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendants have unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(1); and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

    d. Award Plaintiff all compensatory damages provided; and

    e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT V-
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF ORDINANCE 97-17, ART. IV, §11A-26.

85. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 36 above, and further alleges as follows.

86. Ordinance 97-17, Article IV, Sec. 11A-26(1) prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

87. Here, Defendants' conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

88. The harassing conduct was directly connected to Ms. MCGUIRE's sex/gender.

89. Defendant's leadership, namely Defendant MASI, made numerous comments related to Ms. MCGUIRE's sex/gender.

90. When Ms. MCGUIRE voiced her objections to this harassing and discriminatory treatment, not only did Defendant fail to address her concerns, but they also continued the pattern of discrimination by making further discriminatory comments.

91. Plaintiff did not welcome Defendants' discriminatory conduct or comments.

92. Defendants abused their supervisory authority over Plaintiff by creating a hostile work environment. A reasonable person subjected to Ms. MCGUIRE's working environment would believe Defendants' conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

93. As a result of Defendants' violations of Ordinance 97-17, Article IV, Sec. 11A-26(1), Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

94. Conduct of Defendants and/or its agents deprived Plaintiff of her statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(1).

95. Plaintiff has been damaged by the illegal conduct of Defendants.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendants have unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(1); and

b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

    d. Award Plaintiff all compensatory damages provided; and

    e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT VI-
## RETALIATION IN VIOLATION OF ORDINANCE 97-17, ART. IV, SEC. 11A-26(4)

96. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 36, and further alleges as follows.

97. Ordinance 97-17, Article IV, Sec. 11A-26(4) states: "It shall be unlawful employment practice for any employer to discriminate against any of his or her employees or applicants for employment, for an employment agency or similar organization to discriminate against any individual, or for a labor organization to discriminate against any member or applicant for membership because he or she has opposed any practice made unlawful by this article or because he or she has testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this article."

98. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of Ordinance 97-17, Article IV, Sec. 11A-26(4) by Defendants' employees had occurred.

99. At all times relevant, the unlawful discrimination by Defendants against Plaintiff in the terms and conditions of her employment occurred because she opposed a practice made

unlawful by Ordinance 97-17, Article IV, Sec. 11A-26(4) which would not have occurred but for that opposition.

100. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

101. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under Ordinance 97-17, Article IV, Sec. 11A-26(4).

102. As a result of Defendants' violations of Ordinance 97-17, Article IV, Sec. 11A-26(4), Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

103. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(4).

104. Plaintiff has been damaged by the illegal conduct of Defendants.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendants have unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(4); and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Dated: Miami, Florida
March 9, 2021

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

/s/ _____
Lauren Tobin, Esq.
Florida Bar No. 1024850
Lauren@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
lauren@dereksmithlaw.com